UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VALCANO E.,

      Plaintiff,

    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendant.

Case No. 1:20-cv-5707
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Valcano E. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Plaintiff appeals from the final decision of the Acting Commissioner of Social Security denying that application.[1] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

**I.    PROCEDURAL HISTORY**

On February 29, 2016, Plaintiff filed an application for benefits, alleging that she has been disabled since November 9, 2014. R. 94, 108, 178–81. The application was denied initially and upon reconsideration. R. 109–13, 118–20. Plaintiff sought a *de novo* hearing before an

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

administrative law judge. R. 121–24. Administrative Law Judge ("ALJ") Scott Massengill held a hearing on September 5, 2018, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 37–83. In a decision dated December 31, 2018, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from November 9, 2014, Plaintiff's alleged disability onset date, through the date of that decision. R. 21–32. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on March 10, 2020. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On September 24, 2020, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 8.[2] On that same day, the case was reassigned to the undersigned. ECF No. 9. The matter is now ripe for disposition.

## II.     LEGAL STANDARD

### A.     Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*,

---

[2]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).  Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016).  The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is

overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, a court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

### B. Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

5

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III. ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 41 years old on her alleged disability onset date. R. 30. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. R. 23. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between November 9, 2014, her alleged disability onset date, and the date of the decision. *Id.*

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: major depressive disorder, anxiety disorder, and post-traumatic stress disorder ("PTSD"). *Id.* The ALJ also found that Plaintiff's alleged carpal tunnel syndrome and foot pain and her diagnosed degenerative disc disease of the lumbar spine, hypothyroidism, and obesity were not severe. R. 23–25.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 25–26.

At step four, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels subject to various non-exertional limitations. R. 26–30. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a card room supervisor. R. 30.

At step five, the ALJ found that a significant number of jobs–*i.e.*, approximately 21,900 jobs as a photocopy machine operator; approximately 58,000 jobs as a price marker; approximately 229,000 jobs as a housekeeping cleaner–existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 30–31. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from November 9, 2014, her alleged disability onset date, through the date of the decision. R. 31.

Plaintiff disagrees with the ALJ's findings at steps four and five and asks that the decision be reversed and remanded for further proceedings. *Plaintiff's Brief,* ECF No. 21; *Plaintiff's Reply Brief*, ECF No. 25. The Acting Commissioner takes the position that the decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 22.

## IV.  RELEVANT MEDICAL EVIDENCE

On July 6, 2017, Mohammad Ashtage,[3] M.D., completed a one-page, check-the-box, and fill-in-the-blank form entitled, "EXAMINATION REPORT." R. 370. Dr. Ashtage noted that he last examined Plaintiff on the same date on which he completed the form. *Id*. Dr. Ashtage diagnosed Plaintiff with anxiety disorder, major depressive disorder, and panic disorder, beginning in January 2016. *Id*. Plaintiff's current treatment included individual psychotherapy, group therapy, and medication management. *Id*. Dr. Ashtage recommended that Plaintiff attend group therapy three times per week (for nine hours a week), attend weekly individual therapy sessions, and receive medication management once per month. *Id*. In response to the question whether Plaintiff's diagnoses limit her ability to participate in gainful employment and/or occupational training, Dr. Ashtage checked the box marked "Yes." *Id.* In support of this conclusion, Dr. Ashtage wrote: "Panic attacks, sleep disturbance, [illegible] with severe physical symptoms, severe depression – [illegible] affect ability to function in occupational / social

---

[3] This physician's name appears in the Court transcript index as "Astag" (*see* index referring to Exhibit 8F), and his signed name appears to the Court as "Ashtaq," R. 370, but the parties refer to him as "Ashtage." For ease of reference and consistent with the parties' references, the Court will refer to this physician as Dr. Ashtage.

8

environments." *Id.* In response to the question whether Plaintiff was able to engage in any gainful employment and/or occupational training of any kind, Dr. Ashtage checked the box marked "No[,]" and opined that Plaintiff would be able to engage in gainful employment and/or occupational training by July 6, 2018, *i.e.*, one year from the date on which Dr. Ashtage completed the form. *Id.* Dr. Ashtage also indicated that he expected Plaintiff's barriers to employment / training to last longer than twelve months. *Id.*

## V.     DISCUSSION

Plaintiff challenges, *inter alia*, the ALJ's failure to consider Dr. Ashtage's report and opinions. *Plaintiff's Brief*, ECF No. 21, pp. 16–18; *Plaintiff's Reply Brief*, ECF No. 25, pp. 1–5. Plaintiff's challenge is well taken.

An ALJ must evaluate all record evidence in making a disability determination. *Plummer,* 186 F.3d at 433; *Cotter,* 642 F.2d at 704. The ALJ's decision must include "a clear and satisfactory explication of the basis on which it rests," and must be sufficient to enable a reviewing court "to perform its statutory function of judicial review." *Cotter*, 642 F.2d at 704–05. Specifically, an ALJ must discuss the evidence that supports the decision, the evidence that the ALJ rejected, and explain why the ALJ accepted some evidence but rejected other evidence. *Id.* at 705–06; *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505–06 (3d Cir. 2009); *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Although we do not expect the ALJ to make reference to every relevant treatment note in a case . . . we do expect the ALJ, as the factfinder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law."). Without such an explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705; *see also Burnett,* 220 F.3d at 121 (citing *Cotter*, 642 F.2d at 705).

For claims filed before March 27, 2017,[4] "'[a] cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Nazario v. Comm'r Soc. Sec.*, 794 F. App'x 204, 209 (3d Cir. 2019) (quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)); *see also Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 355 (3d Cir. 2008) (stating that an ALJ should give treating physicians' opinions "great weight") (citations omitted); *Fargnoli*, 247 F.3d at 43 (3d Cir. 2001) (stating that a treating physician's opinions "are entitled to substantial and at times even controlling weight") (citations omitted). However, "[a] treating source's opinion is not entitled to controlling weight if it is 'inconsistent with the other substantial evidence in [the] case record.'" *Hubert v. Comm'r Soc. Sec.*, 746 F. App'x 151, 153 (3d Cir. 2018) (quoting 20 C.F.R. § 404.1527(c)(2)); *see also Brunson v. Comm'r of Soc. Sec.*, 704 F. App'x 56, 59–60 (3d Cir. 2017) ("[A]n ALJ may reject the opinion of a treating physician when it is unsupported and inconsistent with the other evidence in the record."). "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Morales*, 225 F.3d at 317 (internal quotation marks and citations omitted). The ALJ must consider the following factors when deciding what weight to accord the opinion of a treating physician: (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the

---

[4] As previously noted, Plaintiff's claim was filed on February 29, 2016. For claims filed after March 27, 2017, the regulations eliminated the hierarchy of medical source opinions that gave preference to treating sources. *Compare* 20 C.F.R. § 404.1527 *with* 20 C.F.R. § 404.1520c(a).

consistency of the opinion with the record as a whole; (5) the treating source's specialization; and (6) any other relevant factors. 20 C.F.R. § 404.1527(c)(1)–(6). Accordingly, "the ALJ still may choose whom to credit but 'cannot reject evidence for no reason or the wrong reason.'" *Sutherland v. Comm'r Soc. Sec.*, 785 F. App'x 921, 928 (3d Cir. 2019) (quoting *Morales*, 225 F.3d at 317); *see also Nazario*, 794 F. App'x at 209–10 ("We have also held that although the government 'may properly accept some parts of the medical evidence and reject other parts,' the government must 'provide some explanation for a rejection of probative evidence which would suggest a contrary disposition.'") (quoting *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994)); *Morales*, 225 F.3d at 317 ("Where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit[.]"); *Cotter*, 642 F.2d at 706–07 ("Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper.") (internal citation omitted).

In the case presently before this Court, the ALJ found at step four of the sequential evaluation process that Plaintiff had the RFC to perform a full range of work at all exertional levels subject to certain additional non-exertional limitations as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is able to understand and remember simple, routine instructions, and carry out repetitive tasks. She is able to make simple, work-related decisions and use common sense. She is able to deal with minor or few changes in a routine work setting, and can have occasional interaction with coworkers and the general public.

R 26. The ALJ went on to find that, although Plaintiff was unable to perform any past relevant work, there was other work that existed in significant numbers in the national economy that she

could perform with this RFC, namely, photocopy machine operator, price marker, and housekeeping cleaner. R. 30–31. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act. R. 31.

Plaintiff challenges the ALJ's findings in this regard, arguing that Dr. Ashtage is a treating physician whose opinion was inconsistent with the ALJ's finding, but that the ALJ improperly failed to consider Dr. Ashtage's opinion. *Plaintiff's Brief*, ECF No. 21, pp. 16–18; *Plaintiff's Reply Brief*, ECF No. 25, pp. 1–5. On the other hand, the Acting Commissioner insists that Dr. Ashtage is not a treating physician and that "it actually appears the [sic] Dr. Ashtage never examined Plaintiff." To the contrary, the Acting Commissioner argues, Dr. Ashtage simply "checked a box that Plaintiff could not work" and therefore provided a legal conclusion–not a medical opinion–on an issue reserved to the Commissioner. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 22, p. 4. In reply, Plaintiff points to the form that Dr. Ashtage completed, which indicates that he had in fact examined Plaintiff; even if Dr. Ashtage is not a treating physician, Plaintiff argues, the ALJ should not have entirely overlooked his opinion. *Plaintiff's Reply Brief*, ECF No. 25, pp. 2–5. The Acting Commissioner's arguments are not well taken.

Although it is true that the record contains no treating notes from Dr. Ashtage, the record establishes that Dr. Ashtage is, at the very least, an examining physician: he expressly stated that he examined Plaintiff on July 6, 2017, the same date on which he completed the report which, significantly, was captioned, "EXAMINATION REPORT." R. 370. The ALJ, however, failed to discuss, or to even acknowledge, Dr. Ashtage's opinion when crafting the RFC and when determining at step five that other work existed in the national economy that Plaintiff could perform. *See generally* R. 26–30. As previously noted, an ALJ must evaluate all record evidence

12

in making a disability determination and must explain why the ALJ accepted some evidence but rejected other evidence. *Plummer,* 186 F.3d at 433; *Cotter,* 642 F.2d at 704–05; *Diaz*, 577 F.3d at 505–06. Because the ALJ failed to provide this explanation, the Court cannot meaningfully review the ALJ's reasoning and determine if the ALJ decided not to credit Dr. Ashtage's opinion or simply ignored it. *Cotter*, 642 F.2d at 705; *Burnett,* 220 F.3d at 121.

Moreover, it is unclear to what extent this error infected the ALJ's determination of Plaintiff's RFC. Thus, the Court cannot meaningfully review the ALJ's RFC finding and determine whether substantial evidence supports that finding. *Cf. Gonzalez v. Comm'r of Soc. Sec*., No. CV 17-5131, 2018 WL 5307818, at *1–2 (D.N.J. Oct. 26, 2018) (remanding action where "[t]he ALJ overlooked this significant medical evidence from a treating physician" and that evidence is inconsistent with the ALJ's RFC that the plaintiff could perform sedentary work). The Acting Commissioner, however, insists that Dr. Ashtage's "conclusory statement" constitutes nothing more than a legal conclusion that Plaintiff could not work, which is a vocational issue reserved to the Commissioner. *Defendant's Brief Pursuant to Local Rule 9.1*, ECF No. 22, p. 4. This Court disagrees. As detailed above, Dr. Ashtage did not simply opine that Plaintiff could not work; instead, he explained that Plaintiff's symptoms (such as panic attacks and sleep disturbance) flowing from her various diagnoses affected her ability to function in occupational and social environments. R. 370. Based on this record, Dr. Ashtage provided an opinion as to Plaintiff's functional limitations, not simply a conclusory assertion that Plaintiff was unable to work. *See id.*

This Court concludes that remand of the matter for further consideration is appropriate even if, upon further examination of Dr. Ashtage's opinion and the RFC, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin*.,

13

No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision."). The Court therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of the opinion of Mohammad Ashtage, M.D., and the RFC determination.[5]

---

[5] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for consideration of Dr. Ashtage's opinion and the RFC, the Court does not consider those claims. However, on remand, the Court encourages the ALJ to further consider the opinion of Gayathri Sastry, M.D., a treating provider, R. 311. The ALJ assigned "[l]imited weight" to Dr. Sastry's opinion because "records during this time indicate only intermittent symptoms and generally normal mental statuses. Further the ultimate issue of disability is reserved to the Commissioner." R. 28. However, as with Dr. Ashtage, Dr. Sastry provided an opinion that was not simply that Plaintiff was unable to work. *See* R. 311. Moreover, Plaintiff points to evidence in the record that undermines the other stated reasons for discounting Dr. Sastry's opinion, including other medical evidence apparently overlooked by the ALJ but which may be supportive of and consistent with Dr. Sastry's opinion. *See Plaintiff's Brief*, ECF No. 21, pp. 21–24; *Plaintiff's Reply Brief*, ECF No. 25, pp. 5–8. The Court therefore encourages the ALJ on remand to specifically explain the reasons for crediting or discounting Dr. Sastry's opinion, R. 311. *See* 20 C.F.R. § 404.1527(c).

## VI. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  November 30, 2021                     *s/Norah McCann King*
                                                               NORAH McCANN KING
                                                               UNITED STATES MAGISTRATE JUDGE